

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUNICE ESPARZA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LENSCRAFTERS, INC. d/b/a<br>LUXOTTICA RETAIL,<br><br>　　　　Defendant. | No.<br><br>08CV1389<br>JUDGE DER-YEGHIAYAN<br>MAG. JUDGE VALDEZ<br><br>DJ<br><br>F I L E D<br>Mar 7, 2008<br>MAR - 7 2008<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## NOTICE OF REMOVAL

Defendant Lenscrafters, Inc., d/b/a Luxottica Retail ("Defendant"), by and through its attorneys, Littler Mendelson, A Professional Corporation, and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Northern District of Illinois, Eastern Division, where the action is now pending. This removal is based upon the existence of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. In support of its Notice of Removal, Defendant respectfully submits the following to the Court:

1.　　On or about January 17, 2008, Plaintiff Eunice Esparza ("Plaintiff") filed a lawsuit in the Circuit Court of Cook County, Illinois, Law Division, entitled <u>Eunice Esparza v. Lenscrafters, Inc., d/b/a Luxottica Retail</u>, Civil Action No. 2008L00562. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached as Exhibit A hereto a copy of the Summons and Complaint. The Complaint contains two counts seeking damages: the first for defamation and the second for tortious interference.

2. The Complaint was served upon Defendant on February 7, 2008. A copy of the Summons and Complaint that was served on Defendant is attached as Exhibit A. Other than the initial Summons and Complaint served on Defendant, no other pleadings have been filed in this matter.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty (30) days of service of the Complaint upon Defendant.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Plaintiff is a citizen of the State of Illinois (see Complaint, provided in Exhibit A) and Defendant's place of incorporation is the State of Ohio and its principal place of business is the State of Ohio.[1]

6. The amount in controversy in this case is more than $75,000.00. In her Complaint, Plaintiff claims "actual damages of $50,000, and punitive damages in excess of $1,000,000, (See Complaint).

7. The requirements of 28 U.S.C. § 1332(a) have been met in that it is a civil action between citizens of different states, and the amount in controversy is in excess of $75,000. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a).

8. As required by 28 U.S.C. § 1446(d), Defendant has provided written notice of filing of the Notice of Removal to Plaintiff, through her counsel, Marshall J. Burt, and will promptly file a

---

[1] Cole Vision Corporation, which is not currently a named party to this action, but which both it and Defendant Lenscrafters, Inc., contend was Plaintiff's actual employer during the time period at issue in this litigation, is incorporated in the State of Delaware and maintains its principal place of business in the State of Ohio.

copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County. (See Exhibit B).

## CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§1332 and 1441, Defendant Lenscrafters, Inc., d/b/a Luxottica Retail, respectfully removes the above-captioned case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted

*/s/ David K. Haase*

David K. Haase

David K. Haase (6201278)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street -Suite 2900
Chicago, IL  60601
312.372.5520

March 7, 2008

## CERTIFICATE OF SERVICE

I, David K. Haase, an attorney, certify that I served the attorney of record named below with a copy of **Defendant Lenscrafters, Inc., d/b/a Luxottica Retail's Notice of Removal to Federal Court** via U.S. Postal Service on March 7, 2008:

Marshall J. Burt
77 W. Washington Street
Suite 1900
Chicago, Illinois 60602

_____
David K. Haase

Firmwide:84514325.1 052266.1027

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
02/07/2008
CT Log Number 513064164

**TO:** Sandra San Martin, Sr. Paralegal
Lenscrafters, Inc.
4000 Luxottica Place
Mason, OH 45040

**RE:** **Process Served in Illinois**

**FOR:** Lenscrafters, Inc. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Eunice Esparza, Pltf. vs. Lenscrafters, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Verified Complaint, Verification |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2008L000562 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Allegedly misappropriating company funds - 01/28/06 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/07/2008 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Marshall J. Burt<br>77 West Washington Street<br>Suite 1900<br>Chicago, IL 60602<br>312-419-1999 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798869681117<br>Image SOP - Page(s): 9<br>Email Notification, Sandra San Martin SSANMART@LUXOTTICARETAIL.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / LV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT A

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (          ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

EUNICE ESPARZA

2008L000562
CALENDAR/ROOM X
TIME 00:00
Libel/Slander

v.

No. _____

LENSCRAFTERS, d/b/a LUXOTTICA RETAIL

Please serve:
Lenscrafters, Inc. d/b/a Luxottica Retail
c/o CT Corporation system
208 South LaSalle Street, STe 814
Chicago, IL 60604

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 17789
Name: Marshall J. Burt, Esq
Atty. for: Plaintiff
Address: 77 W. Washington, Suite 1900
City/State/Zip: Chicago, IL 60602
Telephone: 312-419-1999 phone; 312-456-0237 facsimile
Service by Facsimile Transmission will be accepted at: _____

WITNESS, JAN 17 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

EUNICE ESPARZA

v.

LENSCRAFTERS, d/b/a LUXOTTICA RETAIL

**SUMMONS**

No. 2008L000562
CALENDAR/ROOM X
TIME 00:00
Libel/Slander

Please serve:
Lenscrafters, Inc. d/b/a Luxottica Retail
c/o CT Corporation system
208 South LaSalle Street, STe 814
Chicago, IL 60604

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 17789
Name: Marshall J. Burt, Esq
Atty. for: Plaintiff
Address: 77 W. Washington, Suite 1900
City/State/Zip: Chicago, IL 60602
Telephone: 312-419-1999 phone; 312-456-0237 facsimile

Service by Facsimile Transmission will be accepted at: ____

WITNESS, JAN 17 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

EUNICE ESPARZA,                    )
                                   )
        Plaintiff,                 )
                                   )
vs.                                ) No.
                                   )
LENSCRAFTERS, INC., d/b/a          )
LUXOTTICA RETAIL                   )
                                   )
                                   ) JURY TRIAL DEMANDED
        Defendant.                 ) ON ALL COUNTS

**VERIFIED COMPLAINT**

Now comes the Plaintiff, Eunice Esparza, through her attorneys, and for her Complaint against Lenscrafters, Inc. d/b/a Luxottica Retail, she states as follows:

**COUNT I**
(Defamation)

1. The Plaintiff, Eunice Esparza ("Esparza"), is an individual residing in Cook County, Illinois.

2. The Defendant, Lenscrafters, Inc., d/b/a Luxottica Retail ("Luxottica") is an Ohio corporation licensed to do business in Illinois. Luxottica is engaged in the eye care business and operates its eye care centers out of other retail stores, including Sears.

3. Esparza has been employed in the eye care business for over 20 years and has served as a store manager for over ten years at various eye care stores, including Pearl Vision and Uhlemann.

4. In 2003, Luxottica acquired Cole National, d/b/a Sears Optical, where the plaintiff was employed as the store manager at the Harlem/North Avenue store for approximately five years.

5. In 2005, the plaintiff was transferred to the North Riverside Sears store where

Luxottica maintained an eye care center. The plaintiff became the manager of the North Riverside store.

6. The Luxottica store located in the North Riverside Sears store did not maintain any petty cash on the premises. Accordingly, the plaintiff kept her own cash in a drawer to be used as petty cash from time to time. As the money was expended, the plaintiff submitted reimbursement requests to Luxottica and replaced the money in the draw upon receipt of the reimbursement checks from Luxottica.

7. Luxottica knew that it did not keep a petty cash fund at the North Riverside store and knew or should had known that the money maintained in the draw were funds belonging to Esparza.

8. On or about January 28, 2006, the plaintiff was terminated by the Defendant for allegedly misappropriating company funds. The funds the defendant accused the plaintiff of misappropriating were her own funds used as petty cash at the North Riverside store.

9. At no time did Esparza misappropriate any finds or other property from the Defendant or any other person at any time.

10. Following her termination, the plaintiff applied for work at other eye care stores. Notwithstanding her extensive experience and credentials, she was not hired for many of the positions she was clearly qualified to hold and/or was terminated shortly after being hired with no reason given.

11. On or about January 15, 2007, the plaintiff attended a job fair sponsored by the Eye Care Association of America. During the fair, the plaintiff contacted many potential employers and obtained an interview with Vision Works.

12. At the interview held on or about January 22, 2007, the plaintiff was informed that

she would not be hired because representatives of Vision Works had spoken with defendant and was informed that she had been terminated because of misappropriation.

13. Plaintiff has learned subsequent to January 16, 2007 that Defendant has informed other potential employers or her actual employers that she was terminated due to misappropriation of funds and that Ms. Esparza was a thief.

14. The statements that Esparza misappropriated funds from Defendant is *per se* defamatory in that it wrongfully accuses Esparza of a crime and disparaged her in her trade and profession as a store manager.

15. The Defendant made the statements knowing that they were false and acted with reckless disregard for Esparza rights by reporting information that it knew was false or should have known was false.

16. As a result of the defamatory statements, Esparza had job offers rescinded and lost other jobs after the defamatory information became known to her employers.

17. As a proximate cause of the defamatory statements, the Plaintiff has suffered actual damages including lost wages and benefits.

18. As a direct and proximate cause of the defamatory statements, the Plaintiff suffered and continues to suffer compensatory damages, including humiliation, anguish, embarrassment, and emotional distress.

19. Because the Defendant made the defamatory statement with malice and in reckless disregard of the rights of the Plaintiff, punitive damages are warranted.

Wherefore, the Plaintiff requests that this Court award her actual damages in excess of $50,000, and punitive damages in excess of $1,000,000, together with such other relief that the Court

deems just and proper, including interest and costs incurred in connection with this action.

### (COUNT II)
(Tortious Interference)

1-16. Plaintiff incorporates paragraphs 1 through 16 of Count I above as paragraphs 1 through 16 of this Count II.

17. Esparza had reasonable expectation of entering into a valid business relationship with employers, including Vision Works, the Eye Boutique, Lotus Eye Care and others.

18. The Defendant knew that Esparza was seeking to enter into employment relationships or had in fact entered into valid employment relationships with employers and that the defamatory information it published to these third parties would be a motivating or substantial factor in the decision as to whether the employer would enter into an employment relationship with Esparza and/or continue the employment relationship.

19. By intentionally publishing the false and disparaging statements about Esparza, the Defendant wilfully interfered with Esparza's legitimate expectancy of entering into a valid business relationships with potential employers and interfered with her existing business relationships.

20. The Plaintiff suffered actual damages as a result of this intentional interference by Defendant in that her job offers were rescinded and employment relations terminated after the defamatory statements were published by the Defendant.

21. As a direct and proximate cause of the defamatory statements, the Plaintiff suffered and continues to suffer compensatory damages, including humiliation, anguish, embarrassment, and emotional distress.

Wherefore, the Plaintiff requests that this Court award her actual damages in excess of $50,000, and punitive damages in excess of $1,000,000, together with such other relief that the Court deems just and proper, including interest and costs incurred in connection with this action.

EUNICE ESPARZA

By: *[signature]*

One of her attorneys

Marshall J. Burt, Esq. Attorney No. 17789
Andrew J. Cohen, Esq. Attorney No. 31646
Attorneys for the Plaintiff
77 West Washington Street
Suite 1900
Chicago, IL 60602
(312) 419-1999

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 5/1-109 of the Code of Civil Procedure, the undersigned hereby certifies that she is plaintiff in the foregoing action, that she has read the attached Verified Complaint and that the statements set forth in the attached instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies that she believes the same to be true.

_____

IN THE CIRCUIT COURT OF COOK COUNTY
ILLINOIS COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| EUNICE ESPARZA,<br><br>        Plaintiff,<br><br>v.<br><br>LENSCRAFTERS, INC. d/b/a<br>LUXOTTICA RETAIL,<br><br>        Defendant. | No. 08 L 000562 |

## DEFENDANT LENSCRAFTERS, INC. D/B/A LUXOTTICA RETAIL'S NOTICE OF FILING REMOVAL TO FEDERAL COURT

To:   Clerk of the Circuit Court
       Richard J. Daley Center
       50 West Washington Street
       Chicago, IL 60602

       and

       Marshall J. Burt
       77 W. Washington Street
       Suite 1900
       Chicago, Illinois 60602

PLEASE TAKE NOTICE THAT Defendant Lenscrafters, Inc., d/b/a Luxottica Retail, filed its Notice of Removal on March 7, 2008, a copy of which is attached hereto as Exhibit 1, in the office of Clerk of the United States District Court, Northern District of Illinois, Eastern Division, in accordance with 28 U.S.C. § 1441(a).

PLEASE TAKE FURTHER NOTICE that the filing of Defendant's Notice of Removal in federal court, together with the filing of a copy of Defendant's Notice of Removal with the clerk of the above-entitled court, effect the removal of this action in accordance with 28 U.S.C. §1446(d).



EXHIBIT B

-2-

Respectfully submitted,

_____
David K. Haase

David K. Haase (6201278)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520
Firm I.D. 34950

Dated: March 7, 2008