IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUNICE ESPARZA,<br><br>Plaintiff,<br><br>v.<br><br>LENSCRAFTERS, INC. d/b/a<br>LUXOTTICA RETAIL,<br><br>Defendant. | No. 08 C1389 |

## ANSWER AND ADDITIONAL DEFENSES TO COMPLAINT

Defendant Lenscrafters, Inc., d/b/a Luxottica Retail ("Defendant"), by and through its attorneys, Littler Mendelson, A Professional Corporation, hereby submits its Answer and Additional Defenses to Plaintiff's Complaint, as follows:

### COUNT ONE

### (Defamation)

1. The Plaintiff, Eunice Esparza ("Esparza"), is an individual residing in Cook County, Illinois.

**ANSWER:** Defendant lacks knowledge as to Esparza's residence sufficient to admit or deny the allegations of Paragraph 1.

2. The Defendant, Lenscrafters, Inc., d/b/a Luxottica Retail ("Luxottica") is an Ohio corporation licensed to do business in Illinois. Luxottica is engaged in the eye care business and operates its eye care centers out of other retail stores, including Sears.

**ANSWER:** Defendant admits that Lenscrafters, Inc., is incorporated in Ohio and is licensed to do business in Illinois. Defendant denies that Lenscrafters, Inc. does business as Luxottica Retail. Defendant affirmatively states that Cole Vision Corporation is engaged in the eye care business and operates eye care centers out of retail stores, including Sears, and was

Plaintiff's employer during the relevant time period at issue in Plaintiff's Complaint. Defendant denies the remaining allegations of Paragraph 2.

3. Esparza has been employed in the eye care business for over 20 years and has served as a store manager for over ten years at various eye care stores, including Pearl Vision and Uhlemann.

**ANSWER:** Defendant lacks knowledge of Esparza's work history sufficient to admit or deny the allegations of Paragraph 3.

4. In 2003, Luxottica acquired Cole National, d/b/a Sears Optical, where the plaintiff was employed as the store manager at the Harlem/North Avenue store for approximately five years.

**ANSWER:** Defendant admits that, with the exception of two occasions during which Plaintiff was transferred to work at other stores for a period totaling around a year and a half, Plaintiff was employed as the store manager at the Harlem/North Avenue Sears Optical store operated by Cole Vision Corporation for approximately five years. Defendant denies the remaining allegations of Paragraph 4.

5. In 2005, the plaintiff was transferred to the North Riverside Sears store where Luxottica maintained an eye care center. The plaintiff became the manager of the North Riverside store.

**ANSWER:** Defendant admits that Esparza was transferred to the North Riverside Sears Store operated by Cole Vision Corporation in 2005. Defendant admits that Esparza became the manager of the North Riverside store. Defendant denies the remaining allegations of Paragraph 5.

6. The Luxottica store located in the North Riverside Sears store did not maintain any petty cash on the premises. Accordingly, the plaintiff kept her own cash in a drawer to be used as petty cash from time to time. As the money was expended, the plaintiff submitted reimbursement requests to Luxottica and replaced the money in the draw upon receipt of the reimbursement checks from Luxottica.

**ANSWER:** Defendant admits that the North Riverside Sears store did not maintain any petty cash fund at the time period at issue in this lawsuit. Defendant denies the remaining allegations of Paragraph 6.

7. Luxottica knew that it did not keep a petty cash fund at the North Riverside store and knew or should have known that the money maintained in the draw were funds belonging to Esparza.

**ANSWER:** Defendant admits that it knew that the North Riverside Sears store did not maintain any petty cash fund at the time period at issue in this lawsuit. Defendant denies the remaining allegations of Paragraph 7.

8. On or about January 28, 2006, the Plaintiff was terminated by the Defendant for allegedly misappropriating company funds. The funds the defendant accused the plaintiff of misappropriating were her own funds used as petty cash at the North Riverside store.

**ANSWER:** Defendant admits that on or about January 28, 2006, Plaintiff's employer, Cole Vision Corporation, terminated her for theft. Defendant denies the remaining allegations of Paragraph 8. Defendant states affirmatively that signed statements from multiple eyewitnesses confirm that Plaintiff took money from the North Riverside store's cash register and took credit and payment for commissions earned by other employees on multiple occasions, and that Plaintiff signed a statement admitting these allegations.

9. At no time did Esparza misappropriate any funds or other property from the Defendant or any other person at any time.

**ANSWER:** Defendant denies the allegations of Paragraph 9.

10. Following her termination, the plaintiff applied for work at other eye care stores. Notwithstanding her extensive experience and credentials, she was not hired for many of the positions she was clearly qualified to hold and/or was terminated shortly after being hired with no reason given.

**ANSWER:** Defendant lacks sufficient knowledge of Esparza's conduct to admit or deny the allegations of Paragraph 10.

11.   On or about January 15, 2007, the plaintiff attended a job fair sponsored by the Eye Care Association of America. During the fair, the plaintiff contacted many potential employers and obtained an interview with Vision Works.

**ANSWER:**   Defendant lacks sufficient knowledge of Esparza's conduct to admit or deny the allegations of Paragraph 11.

12.   At the interview held on or about January 22, 2007, the plaintiff was informed that she would not be hired because representatives of Vision Works had spoken with defendant and was informed that she had been terminated because of misappropriation.

**ANSWER:**   Defendant denies that it or any of its representatives made any statements to actual or potential employers of Plaintiff informing them that Plaintiff had been terminated from her employment with Cole Vision Corporation for misappropriation. Defendant lacks sufficient knowledge of what Esparza may have been informed by any potential employers to admit or deny the remaining allegations of Paragraph 12.

13.   Plaintiff has learned subsequently to January 16, 2007 that Defendant has informed other potential employers or her actual employers that she was terminated due to misappropriation of funds and that Ms. Esparza was a thief.

**ANSWER:**   Defendant denies that that it or any of its representatives made any statements to actual or potential employers of Plaintiff informing them that Plaintiff had been terminated from her employment with Cole Vision Corporation for misappropriation of funds or that Plaintiff was a thief. Defendant lacks sufficient knowledge of what Plaintiff may have been informed by any potential or actual employers or may have learned through any other means to admit or deny the allegations of Paragraph 13.

14.   The statements that Esparza misappropriated funds from Defendant is *per se* defamatory in that it wrongfully accuses Esparza of a crime and disparaged her in her trade and profession as a store manager.

**ANSWER:**   Defendant denies the allegations of Paragraph 14.

15.   The Defendant made the statements knowing that they were false and acted with reckless disregard for Esparza's rights by reporting information that it knew was false or should

have known was false.

**ANSWER:**   Defendant denies the allegations of Paragraph 15.

16.   As a result of the defamatory statements, Esparza had job offers rescinded and lost other jobs after the defamatory information became known to her employers.

**ANSWER:**   Defendant denies the allegations of Paragraph 16.

17.   As a proximate cause of the defamatory statements, the Plaintiff has suffered actual damages including lost wages and benefits.

**ANSWER:**   Defendant denies the allegations of Paragraph 17.

18.   As a direct and proximate cause of the defamatory statements, the Plaintiff suffered and continues to suffer compensatory damages, including humiliation, anguish, embarrassment, and emotional distress.

**ANSWER:**   Defendant denies the allegations of Paragraph 18.

19.   Because the Defendant made the defamatory statement with malice and in reckless disregard of the rights of the Plaintiff, punitive damages are warranted.

**ANSWER:**   Defendant denies the allegations of Paragraph 19.

### [PRAYER FOR DAMAGES AS TO COUNT ONE]

Wherefore, Plaintiff requests that this Court award her actual damages in excess of $50,000, and punitive damages in excess of $1,000,000, together with such other relief that the Court deems just and proper, including interest and costs incurred in connection with this action.

**ANSWER:**   Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant based on the allegations set forth in Count One of her Complaint.

### COUNT TWO

### (Tortious Interference)

1-16.   Plaintiff incorporates paragraphs 1 through 16 of Count I above as paragraphs 1-16 of this Count II.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 16 of Count I above as its answers to paragraphs 1-16 of this Count II.

17. Esparza had a reasonable expectation of entering into a valid business relationship with employers, including Vision Works, the Eye Boutique, Lotus Eye Care and others.

**ANSWER:** Defendant denies the allegations of Paragraph 17.

18. The Defendant knew that Esparza was seeking to enter into employment relationships or had in fact entered into valid employment relationships with employers and that the defamatory information it had published to these third parties would be a motivating or substantial factor in the decision as to whether the employer would enter into an employment relationship with Esparza and/or continue the relationship.

**ANSWER:** Defendant denies the allegations of Paragraph 18.

19. By intentionally publishing the false and disparaging statements about Esparza, the Defendant willfully interfered with Esparza's legitimate expectancy of entering into a valid business relationships with potential employers and interfered with her existing business relationships.

**ANSWER:** Defendant denies the allegations of Paragraph 19.

20. The Plaintiff suffered actual damages as a result of this intentional interference by Defendant in that her job offers were rescinded and employment relations terminated after the defamatory statements were published by the Defendant.

**ANSWER:** Defendant denies the allegations of Paragraph 20.

21. As a direct and proximate cause of the proximate cause of the defamatory statements, the Plaintiff suffered and continues to suffer compensatory damages, including humiliation, anguish, embarrassment and emotional distress.

**ANSWER:** Defendant denies the allegations of Paragraph 21.

## [PRAYER FOR DAMAGES AS TO COUNT TWO]

Wherefore, the Plaintiff requests that this Court award her actual damages in excess of $50,000, and punitive damages in excess of $1,000,000, together with such other relief that the Court deems just and proper, including interest and costs incurred in connection with this action.

**ANSWER:** Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant based on the allegations set forth in Count Two of her Complaint.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Plaintiff's defamation claim is barred because the statements allegedly published regarding Plaintiff were truthful.

### SECOND ADDITIONAL DEFENSE

Any statements allegedly published regarding Plaintiff to actual or potential employers of Plaintiff were subject to a qualified privilege under common law relating to the provision of employment references.

### THIRD ADDITIONAL DEFENSE

Any statements allegedly published regarding Plaintiff to actual or potential employers of Plaintiff were subject to a statutory qualified privilege. 745 ILCS 46/10.

### FOURTH ADDITIONAL DEFENSE

Any statements allegedly published regarding Plaintiff to actual or potential employers of Plaintiff were justified by an interest which the public deems to be of equal or greater value than Plaintiff's actual or potential contract rights with respect to those actual or potential employers.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be relief can be granted.

### SIXTH ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### SEVENTH ADDITIONAL DEFENSE

Any conduct by Defendant with respect to Plaintiff was undertaken without malice and in good faith.

### EIGHTH ADDITIONAL DEFENSE

The punitive damages Plaintiff seeks would constitute a violation of Defendant's rights under the Due Process Clause of the United States Constitution.

### NINTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that she has failed to mitigate her damages.

### TENTH ADDITIONAL DEFENSE

Defendant reserves the right to assert further affirmative defenses as they may be identified during discovery.

Respectfully submitted

/s/David K. Haase
One of Its Attorneys

David K. Haase (6201278)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street - Suite 2900
Chicago, IL  60601
312.372.5520

March 14, 2008

## CERTIFICATE OF SERVICE

      I, David K. Haase, an attorney, hereby certify that on March 14, 2008, a true and correct copy of the foregoing <u>Answer and Additional Defenses to Complaint</u> was filed electronically, using CM/ECF System which will automatically send e-mail notifications of such filing to the following attorney of record.

                      Marshall J. Burt
                      77 W. Washington Street
                      Suite 1900
                      Chicago, Illinois 60602

                                        /s/ David K. Haase
                                        David K. Haase

Firmwide:84537927.4 052266.1027