IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EUNICE ESPARZA,**<br><br>        Plaintiff,<br><br>   v.<br><br>**LENSCRAFTERS, INC. d/b/a LUXOTTICA RETAIL,**<br><br>        Defendant. | No.  08 C 1389<br><br>Judge Der-Yeghiayan<br>Magistrate Judge Valdez |

**DEFENDANT'S MOTION TO SET BRIEFING SCHEDULE AND STAY DISCOVERY PENDING RULING ON MOTION FOR SUMMARY JUDGMENT**

Defendant moves to establish a briefing schedule for its anticipated motion for summary judgment, and to stay discovery pending the Court's ruling on that motion. In support of this request, Defendant states as follows:

1.  Defendant respectfully submits that this case should be resolved on a motion for summary judgment, prior to discovery.  Although ordinarily, a motion for summary judgment would not be brought until the close of discovery, there is an unusual circumstance that makes such a motion warranted at this juncture.

2.  The sole basis for Plaintiff's complaint, stated at Paragraphs 12-13, is that Defendant allegedly gave her a bad job reference, telling prospective employers that it discharged the Plaintiff due to her misappropriation of funds.

3.  An Illinois statute specifically provides a privilege to any employer that gives a negative job reference, if the employer had a good faith basis to believe that its statement was true. 745 ILCS 46/10.  Similar common law privileges apply, as well.  Therefore, even if one assumes that Defendant told a prospective employer that Plaintiff was terminated for

-2-

misappropriating funds, the Defendant nonetheless could not be liable, so long as the Defendant had some good faith basis to believe that Plaintiff indeed had misappropriated funds.

4. The file of Defendant's investigation of Plaintiff's alleged misappropriation of funds undeniably contains the following four documents: (a) two signed statements from two separate co-workers, each stating that the signing employee saw the Plaintiff take company money out of the company cash register; (b) a signed statement from the Plaintiff admitting that she did this; and (c) another document signed by the Plaintiff, implicitly admitting that she did this.

5. Presumably, Plaintiff will deny that she actually misappropriated funds. Plaintiff's denial is irrelevant to Defendant's motion for summary judgment based on the qualified privilege.

6. Defendant's motion for summary judgment will argue that the undeniable fact that: (a) the Defendant has the four documents referenced above and (b) those documents are sufficient, as a matter of law, to demonstrate that the statutory privilege applies. In other words, even if one assumes that the Defendant told a prospective employer that Plaintiff was discharged for misappropriating funds, the Defendant had a good faith basis to do so, as a matter of law, due to its reliance on these written statements.

7. If the Defendant is correct in this position, then discovery could serve no valid purpose. As such, the goal of judicial economy warrants staying discovery until Defendant's motion for summary judgment is resolved.

8. As a matter of timing, Defendant understands that Plaintiff is attempting to retain new counsel. Defendant has no objection to a delay in ruling on this motion and setting a briefing schedule for the motion for summary judgment until Plaintiff has retained new counsel.

-3-

Defendant could file its motion for summary judgment and related pleadings by April 30, 2008, or such other date as the Court may deem to be appropriate.

WHEREFORE, Defendant respectfully requests that the Court stay discovery pending briefing and ruling on a motion for summary judgment, and establish a briefing schedule for Defendant's motion for summary judgment.

Respectfully submitted,

By:   /s/ David K. Haase
      One of Its Attorneys

David K. Haase (#6201278)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: April 8, 2008

**CERTIFICATE OF SERVICE**

      I, David K. Haase, an attorney, hereby certifies that on April 9, 2008, a true and correct copy of the foregoing Motion to Stay was filed electronically, using CM/ECF System which will automatically send e-mail notifications of such filing to the following attorney of record.

Marshall J. Burt
77 W. Washington Street
Suite 1900
Chicago, Illinois 60602

      /s/ David K. Haase
      David K. Haase

Firmwide:84814102.2 052266.1027
4/9/08